Patricia ELSTON, Plaintiff—Appellant,

v.

**WESTPORT INSURANCE COMPANY; et al., Defendants—Appellees.**

No. 05–16728.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2007 *.

Filed Nov. 6, 2007.

Stephen C. Ryan, Esq., Stephen C. Ryan PC, Scottsdale, AZ, for Plaintiff–Appellant.

Donald L. Myles, Jr., Jones Skelton & Hochuli, PLC, Barry Patrick Hogan, Esq., Steven G. Messaros, Esq., Renaud Cook Drury Mesaros, PA, Phoenix, AZ, for Defendants–Appellees.

Before: ROTH,** THOMAS, and CALLAHAN, Circuit Judges.

## MEMORANDUM ***

Patricia Elston brought this action alleging that her worker's compensation claim had been handled in bad faith. The district court's granted summary judgment against Elston holding that her action was barred by judicial estoppel because she had failed to list her claim in her bankruptcy proceeding. We affirm.

We review the district court's grant of summary judgment de novo, and will affirm if, viewing the "evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the district court applied the relevant substantive law." *Hamilton v. State Farm Fire and Cas. Co.*, 270 F.3d 778, 782 (9th Cir.2001). However, we review "the district court's application of judicial estoppel to the facts of [a] case for an abuse of discretion." *Id.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane R. Roth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In *Hamilton,* we explained that "[j]udicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Id.* We further explained that we invoke judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent position, but because of general considerations of the orderly administration of justice and regard for the dignity of the judicial process. *Id.* (citing *Russell v. Rolfs,* 893 F.2d 1033, 1037 (9th Cir.1990)). Taking our lead from the Supreme Court's opinion in *New Hampshire v. Maine,* 532 U.S. 742, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001), we considered three factors: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party had succeeded in persuading a court to accept its earlier position; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hamilton,* at 782–83.

We have also held that the inquiry is whether "the debtor ha[d] knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy." *Id.* at 784. *See also Hay v. First Interstate Bank of Kalispell, N.A.,* 978 F.2d 555, 557 (9th Cir.1992) ("We recognize that *all* facts were not known to Desert Mountain at that time, but enough was known to require notification of the existence of the asset to the bankruptcy court.").

Elston contends that she actually informed the trustee and bankruptcy judge of the claims.[1] She claims to have stated in her filings that her bankruptcy was caused "solely as a result of a severe back injury and result of permanent disability sustained on the debtor's last job." She also alleges that she sent a letter to the bankruptcy trustee indicating that she was "still awaiting rehabilitate medical care under my workers compensation claim." Even accepting these allegations as true for the purposes of evaluating the district court's grant of summary judgment, these disclosures were insufficient to disclose to the trustee and creditors that she was asserting a bad faith insurance tort claim and had received a settlement offer prior to bankruptcy. Thus, even assuming—as Elston contends—that she did not intend to mislead the bankruptcy court, this does not raise a genuine issue of fact. The district court's determination that Elston had sufficient knowledge of her claims to be required under *Hamilton* and *Hay* to list her claims in her bankruptcy proceeding is factually and legally sound. Furthermore, there is no doubt that (1) Elston's position in this litigation is inconsistent with her earlier position, (2) the Bankruptcy Court adopted Elston's earlier position when it granted her a discharge, and (3) as noted by the district court, Elston would derive an unfair advantage if allowed "the Chapter 7 discharge of her debts and whatever judgment or settlement would come from the instant action."

For the foregoing reasons, the district court's grant of summary judgment against Elston on the basis that her claims are barred by judicial estoppel is **AFFIRMED.**

---

1. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.